# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| NELSON H. HARRIS, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:13-CV-588 PS |
| SUPERINTENDENT, | ) ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Nelson H. Harris is a prisoner at the Indiana State Prison. On February 12, 2013, he was ordered to provide a urine sample for a drug test. The lab reported that he tested positive for Marijuana. A Disciplinary Hearing Body (DHB) later found him guilty of possessing a controlled substance and docked him 30 days of earned credit time. In this habeas corpus proceeding, Harris argues that he was denied the opportunity to review the video showing how his urine sample was handled. Harris argues that the video would show that the chain of custody was broken in violation of prison policy.

Though *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) affords prisoners the right to request that the DHB consider relevant evidence, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Therefore, Harris was not denied due process merely because he did not see the video. Here, the DHB reviewed the video, but the hearing officer reported that, "[d]ue to the distance of the camera, I am unable to see the incident clearly." DE 1-1 at 5 and DE 6-3 at 3.

In order to confirm this, I ordered the respondent to produce the video under seal so that I could review it. However, the video had been destroyed because, "[i]n cases where the video does not contain usable footage, the video is not stored permanently by the facility." DE 10-6 at 1. This is disturbing because it denies me the ability to review the evidence requested by Harris and seen by the hearing officer. However, an incomplete record does not guarantee Harris victory. Even where evidence used at a criminal trial is destroyed, the "failure to preserve evidence is not a violation of due process rights unless the defendant can demonstrate: (1) bad faith on the part of the government; (2) that the exculpatory value of the evidence was apparent before it was destroyed; and (3) that the evidence was of such a nature that the petitioner would be unable to obtain comparable evidence by other reasonably available means." *Hubanks v. Frank*, 392 F.3d 926, 931 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. However, even if I were to apply the test applicable for the destruction of evidence during a criminal trial, Harris has not demonstrated that the destruction of this video was a due process violation. It was not destroyed in bad faith. Its destruction was a routine practice, undoubtedly necessitated by the sheer volume of video surveillance conducted at the prison. It was not known to be exculpatory. Rather, it had been determined to be inconclusive. Finally, the video is not the only evidence showing

how the test sample was handled. Both Harris and the reporting officer provided statements.

Harris states that he did not see the test sample placed into – and then sealed in – the transport bag. Officer Parnell, on the other hand, stated that "[t]his specimen was sealed in front of offender Harris by W. Parnell, the administrator of the test." DE 6-1 at 1. Parnell also noted that the laboratory "found the seal sealed on the specimen bottle." *Id.* Harris does not deny seeing the bottle sealed, but argues that not permitting him to see the placement of the bottle into the bag violated the chain of custody rules required by prison policy. But there is a fundamental problem with Harris's reliance on a prison rule in this context: habeas corpus relief is not available for the violation of a prison rule. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").

Moreover, due process does not require a complete chain of custody in prison disciplinary cases; it merely requires some evidence of guilt. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). Harris speculates that Officer Parnell contaminated his test sample, but I cannot re-weigh evidence presented during prison disciplinary hearings. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*,

472 U.S. at 457. Though Harris argues that Officer Parnell contaminated his sample out of retaliation for his being a Muslim and having filed a grievance, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson*, 188 F.3d at 787. Thus, because there is some evidence demonstrating that Harris was guilty and he has not shown that there were any due process violations, there is no basis for me to grant him habeas corpus relief.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED**.

ENTERED: July 31, 2014              s/Philip P. Simon
                                    Chief Judge
                                    United States District Court